J. JOSEPH CURRAN, JR.
ATTORNEY GENERAL

DONNA HILL STATON
Deputy Attorney General



ROBERT A. ZARNOCH
Assistant Attorney General
Counsel to the General Assembly

BONNIE A. KIRKLAND
KATHRYN M. ROWE
SANDRA J. COHEN
Assistant Attorneys General

## THE ATTORNEY GENERAL OF MARYLAND
### OFFICE OF COUNSEL TO THE GENERAL ASSEMBLY

June 28, 2004

The Honorable David D. Rudolph
5 East Main Street
P.O. Box 979
Rising Sun, Maryland 21911

Dear Delegate Rudolph:

You have asked for further advice concerning the regulation of persons who sell things or solicit donations in or by a state highway. Specifically, you have asked whether a person may stand in a state highway to solicit donations. You have also asked whether a person who sells things or solicits donations by the side of the road needs a license or permit, and whether they must have such a permit on them. Finally, you have asked whether there is any clarifying case law to guide the police in handling these matters. It is my view that a person soliciting donations may not stand in the roadway. It is also my view that a person soliciting donations by a roadway would not ordinarily need a license, but a person who sells things by the highway must have a transient vendor's license and must display it at the place where they sell. Finally, there is very little case law in this area except what has arisen in the context of laws or ordinances which are found to violate the First Amendment.

Transportation Article § 21-507(a) provides that "Except for the occupant of a disabled vehicle who seeks the aid of another vehicle, a person may not stand in a roadway to solicit a ride, employment or business from the occupant of any vehicle." This clearly prohibits a person from standing in the roadway to sell anything. It is a closer question whether it would prohibit the solicitation of donations from the roadway. Solicitation of donations is clearly not the solicitation of a ride or employment. It could, however, be included within the solicitation of business. When the word "business" is used in a statute, its meaning can vary depending on the context in which it is found and the intention of the legislature. *City of Lewiston v. Mathewson*, 303 P.2d 680 (Id. 1956). Courts have not hesitated to treat the activities of nonprofit organizations as business where the purposes of the statute require it. *Lutheran Book Shop v. Bowers*, 131 N.E.2d 219 (Ohio 1955); *Young Men's Christian Association v. State*, 383 P.2d 497 (Wash.). It is my view that the term solicitation of business should be interpreted broadly in this context to accomplish the purposes of the statute, which are to promote the public safety. From the standpoint of safety, there is little or no difference between a person standing in the roadway to sell things and one standing in the roadway to solicit money. For this reason, it is my view that the term "business" should be read broadly in this context to include solicitation of donations.

The Honorable David D. Rudolph
June 28, 2004
Page 2


Business Regulations Article Title 6 regulates the solicitation of charitable contributions. It does not, however, apply to the solicitation of contributions for non-charitable purposes. It also does not apply to an organization that does not employ professional solicitors and does not receive more than $25,000 a year. As a result, it is my view that the regulations would not apply to the vast majority of solicitation that takes place on the roadside.

Business Regulations Article Title 17, subtitle 20 requires vendors who make sales subject to the sales and use tax from a motor vehicle or from a roadside or temporary location to have a license and to display it at the transient place of business. BR §§ 17-20A-01(1) and 17-20A-02. Thus, a person who sells things by the side of the road must have a license, and have it available when they sell. In addition, a mobile seafood vendor on the right-of-way of a highway must have a lease from the State. TR § 24-303.

Finally, there is essentially no case law on the operation or enforcement of these laws. The sole exceptions are those cases that address laws and ordinances that draw distinctions based on content in regulating roadside solicitation. Such laws and ordinances have been held to violate the First Amendment. *Sun-Sentinel Co. v. City of Hollywood*, 274 F.Supp.2d 1323, 1528-1530 (S.D.Fla. 2003); *Bischoff v. Florida*, 242 F.Supp.2d 1226 (D.Fla. 2003).


Sincerely,

Kathryn M. Rowe
Assistant Attorney General


KMR/kmr
rudolph17.wpd